UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUGUSTUS MILES, JR. | * | CIVIL ACTION NO. 20-2872 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| UNITED STATES POSTAL SERVICE | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit on October 21, 2020. Because there was no evidence in the record that the defendant had been served,[1] on March 22, 2021, the District Judge set this matter for the Call Docket on March 31, 2021. Plaintiff appeared in person and the District Judge granted him an additional 30 days until April 30, 2021, to serve the complaint and summons on the defendant. The following week, the case was reassigned to a different District Judge. Summons was reissued on July 6, 2021. On July 8, 2021, the case was referred to the undersigned Magistrate Judge.

On August 17, 2021, the undersigned Magistrate Judge set this matter for the Call Docket and required that by September 22, 2021 plaintiff file into the record returns of service of process that have been effected on the defendant or show good cause in writing as to why service had not been effected and/or why his claims should not be dismissed for failure to prosecute. Hurricane Ida hit the area on August 29-30, 2021, and on September 4, 2021, Chief Judge Brown issued General Order No. 21-12, ordering that "[a]ll deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021." As of today's date, more than 30 days after the

---

[1] Federal Rule of Civil Procedure 4(m) requires that the defendant be served within 90 days after the complaint is filed.

1

September 22, 2021, deadline, plaintiff has failed to file returns of service of process or a written explanation for his failure to complete service.

"[A] federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Plaintiff's failure to serve the defendant and Plaintiff's failure to comply with this court's order to show good cause for failure to do so demonstrates a clear record of delay. Accordingly,

IT IS RECOMMENDED that plaintiff's Complaint be dismissed without prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of November, 2021.

_____
Janis van Meerveld
United States Magistrate Judge